and you may call the next case. Case number 13501, Michael Walton. Good morning. Morning. I'd like to reserve three minutes, please. Okay. I'm Gerald Green. He'll represent Michael Burns. I appreciate the court granting us all argument in this matter. We don't want you to consider this case just in a vacuum by itself. There's a case before this court now, 13-5663, that's in its briefing stages. And as I talk about this case, that case will become relevant also. Do you have the name of that case as well? That is Michael Burns v. Nahim Naymi, N-I-A-N-A-I-M-E-Y. We think that the district court erred in four matters here. We think that first, there was no transformation of the motion to dismiss into a motion for summary judgment once plaintiff submitted materials outside of the pleadings. Of course, the government argues that, well, he was free to not transform the motion to dismiss into a motion for summary judgment. But it's a guided discretion that the judge has. And once matters outside of the pleadings are submitted, this court has held in Bonilla that it must be transformed into one for summary judgment. We think that the court failed to consider all of the causes of action that were pleaded. The court says it's a medical facility action which requires expert testimony. However, the Tennessee statute qualifies this as a medical facility action where expert testimony is required. It's qualified. We think in this case that there was no need for expert testimony based on an expert opinion, based on the bare facts of the case. This was a federal tort claims action that Mr. Burns had started the administrative procedures. There was an institutional utilization review committee. It reviews whether or not a person in their custody is to receive a certain type of medical treatment. So that committee was not totally made up of medical professionals. So we think that certainly it didn't, one, it overcomes the statute because it doesn't require expert testimony. Two, that some of the decision-makers were not medical personnel. We think that also, Your Honor, the abrupt decision to dismiss, this order granting the government's motion to dismiss was issued hours after they filed a reply to my response. Mr. Siler and I had had a consultation. I didn't mind the reply, but I wanted a chance to file my sere response, a sere reply. Did you ask the court permission to file a sere response? Your Honor, the short answer is no. The complete answer is that Judge McCullough issued the order. Mr. Siler filed his reply one day. The same day the order was issued dismissing the case, and only hours after. It wasn't even a day between them. I had no opportunity, Your Honor. I would have, and also Mr. Siler and I had discussed some other matters. In most cases, Your Honor, with all due respect to the court, our litigant driven, you know, the parties decided they were maybe going to take certain actions. But with this abrupt decision, I just didn't have a chance to do anything, Your Honor. We think that the, as I said, from the record, you can see that the order dismissing it was issued only hours after the government filed its reply. And we think that that touches on some procedural due process issues. These y'all have an opportunity. Of course, I'm not saying the Federal Rules of Procedure violate due process, but I think in this instance, the way they were used violates due process. Now, as I mentioned, Your Honor, the case 13-5663, that involves a Bivens action that Mr. Burns had filed pro se. I didn't know the contents or the subject matter of the Bivens action at the time he hired me on the Federal Tort Claims Act. Now, that case has been dismissed because of the dismissal of this one. That case was on its way to trial. But, you know, because of the statute, once this case was dismissed, that case followed suit. And so that case is here in its briefing stages now. I submitted my brief on June 27th. So I wish the court would consider the effects and the consequences. Mr. Siler and I had discussed possibly voluntarily non-suiting this action so that the Bivens action could continue or taking some other action. But my client is a prisoner in the Federal facility in Memphis. And you can't just walk out there and go in. You have to make an appointment to see him. I just didn't have a chance, Your Honor. As I said, our discussion took place the day of our consultation, asking could he file a reply. I said yes, as long as I can file one. In his brief, he does say I didn't have a right to. And I don't have a right to. But I had an expectation that he wouldn't oppose my request. So in answer to your question, Judge Siler, I did not ask Judge McCollough. Well, if it was done that fast, you couldn't really do much. But have you since supplemented the record or in some way shown what you would have done if you had been given another week or something to file a certain reply? Your Honor, I did not file an affidavit. I have not supplemented the record in that respect. But you admit that if this is a medical malpractice case, you have to, under Tennessee law, give a good faith certificate requirement that you've consulted an expert and so forth, right? Well, Your Honor, this court has held that, and that is Tennessee law. But I would say, Your Honor, as I say, the qualifying clause in that statute says where expert testimony is required. This man had a cantaloupe-sized growth on him. He was in pain all the time. And members of the committee who decide if you're going to have that type of surgery or an outside consultation are not all medical professionals. So the claim, I do think it's a little short-sighted to say I only pled a medical malpractice, a medical facility action. There are other claims of negligence and lack of duty. And the officer with the Federal Bureau of Prisons who denied his FTCA claim was not a doctor, Your Honor. But the answer to your question, Your Honor, is yes, if it's only a medical malpractice, and that if it requires expert testimony. And I also, in my response, Your Honor, I raised the method of proof of red-zip salosis. And I think that with time, if it had been transformed into a motion for summary judgment, we could have developed that more. Or either I would have had time to do as I discussed with Mr. Siler and perhaps voluntarily non-suit this one and let the Bivens case go on. It's based on the exact same statute, but it's based on an Eighth Amendment violation. Did you, in your complaint, plead res ipsa loquitur or any elements of it? Or do you just don't think that was necessary for purposes of the complaint? For purposes of the complaint, Your Honor, I don't think it's necessary. I think it may have been wise. But with the facts that I pleaded, I think that res ipsa loquitur is a method of proof rather than an evidentiary requirement, pleading requirement. So I think that if I had never mentioned the word res ipsa loquitur, if I had gotten it to a fact finder and they found from the facts presented that the thing spoke for itself, that common people have not, something had to be done about that very quickly. I do think it could have been upheld. I think res ipsa loquitur, as I say, is something that arises during proof. All right, John. If there are no more questions, John.  Thank you. Thank you, Mr. Green. Mr. Siler. Good morning. I'm William Siler. I represent the United States. The issue that I'd like to address is Mr. Burns' claim that Judge McCollough read his complaint too narrowly in concluding that it was a medical malpractice action. In this court, the three additional torts that Mr. Burns says he pled are medical battery, intentional infliction of emotional distress, and or negligent infliction of emotional distress. He did not argue that in the district court, and for that reason he can't argue it for the first time in this court. I say that he did not argue those three additional torts to the district court for this reason. When the United States moved to dismiss, Mr. Burns filed a response opposing that motion. That's docket entry number 10. Docket entry number 10 says two things. First, it says, this is a medical malpractice lawsuit, but I don't have to file that certificate of good faith because of race ipsilocator. Secondly, it said, this is a medical malpractice action, but for other reasons, I should be excused for my failure to file that certificate of good faith. What docket entry 10 does not say is, here are the paragraphs of my complaint where I plausibly pled the elements of medical battery. Docket entry 10 doesn't say, here are the paragraphs of my complaint where I plausibly pled the elements of negligent infliction of emotional distress or intentional infliction of emotional distress. Those three torts have very well-developed and specific elements. And in docket entry 10, Mr. Burns simply didn't say to Judge McCalla, you're overlooking or you're at risk of overlooking these things. So he can't make that argument for the first time here. Medical battery, for example, is basically surgery on the wrong body part or some other non-consensual surgery. There's just nothing like that in the complaint. Negligent infliction of emotional distress or intentional infliction of emotional distress requires an element of particularly traumatic psychological damage. Nothing like that is alleged in the complaint. If you reject my waiver argument and you say Mr. Burns is free to come to this court and say my complaint really did include those three additional torts, then you have to conclude, I submit, that his complaint did not sufficiently plead the elements of those three additional torts. As I've said, there's simply nothing in the complaint that can be construed as an allegation of surgery without Mr. Burns' consent. That's the element for medical battery. Well, he didn't have infliction of emotional distress, did he, at least under his complaints? In paragraph 25 of his complaint, he says, I suffered pain and suffering and loss of enjoyment of life. That's emotional distress, I suppose, right? It is, but it's far short of the sort of emotional distress that is required for either negligent infliction of emotional distress or intentional infliction. Under Tennessee law, the Rogers v. Louisville Land Company case gives you a good feel for what is required for those emotional distress claims. I'll just highlight a couple of things. It's distress so severe that no reasonable man could be expected to endure it. Serious or severe emotional injuries which disable a reasonable, normally constituted person from coping. Well, if he had a terrible medical condition, which he claims he had, and they wouldn't do anything about it, under his theory at least, that sounds like an awful emotional distress to me. If he had this hernia the size of a cantaloupe that he claimed he had, that sounds awful, doesn't it? It might have been, but it's simply not alleged in the complaint. He doesn't allege that? He would have had to allege it. Do you think it makes any difference in this case in the analysis, the fact that the plaintiff was a prisoner in the United States government, in a federal prison, when it comes to analyzing this case? I don't. Does it make any difference that he's under the government's exclusive control? It's a medical malpractice case, in my view, any way you slice it. And the claim requires an expert's opinion, even though it's so obvious on the face of it that it constitutes malpractice? Well, it's not that obvious. As Judge McCollough said, well, let me back up and say... Would it be obvious to say that if he dismissed? Did he make some fact determination in granting the motion to dismiss? No, Judge McCollough's decision was simply confined to the face of the complaint. Thank you. If... Set aside my argument that Mr. Burns has waived the opportunity to bring this particular issue to the court, and set aside my argument that on its face the complaint simply was insufficient to possibly allege those other causes of action, set those two matters aside, and you still come to this final point that I want to make. If he pled those other three court claims, the question is, was it still a medical malpractice action? What we know from a state of French, the Tennessee Supreme Court decision that gives clear guidance on how you determine what's a medical malpractice action and what's not, what we know from that case is you don't look at the particular theory pled. You don't look at the name of the cause of action given it. What you look at is whether the facts alleged bear a substantial relationship to the provision of medical care or the failure to provide medical care. If it does, and I think this case undeniably does, then it's a medical malpractice action and you have to file that Certificate of Good Faith. Even if it's a fairly pled medical battery case, for example, you still have to file the Certificate of Good Faith saying that this case has sufficient merit to go forward. That's all I have unless there are further questions. Apparently not. Thank you, Mr. Siler. Mr. Green, you have some rebuttal time. Mr. Siler makes a point and says that some of these arguments are raised for the first time on appeal. I would submit to the court just because a district court doesn't address issues that are there doesn't mean they're raised for the first time on appeal. General McCall just didn't address any other issues, any other causes of action. But this institutional committee that decided whether or not to allow Mr. Burns certain treatment, they had a quasi-fiduciary and an administrative duty other than medical to Mr. Burns. And I would ask the court to reverse Judge McCalla and send this case back. Thank you. Okay. Thank you, Mr. Green. We thank both of you today, Mr. Green and Mr. Siler, for your arguments. Appreciate them. The case will be submitted. That's our last case of the day to be argued. So you may adjourn court. Thank you. Any other pieces for adjournment? Should I talk to these people? Well, good morning. The court's adjourned, so we're just here informally, off the record. And I know we have some guests today, and we're very excited about that. So I don't know if you have any questions. Thank you. Thank you.